J-S02044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALLIE SPEIGHTS | |
| Appellant | No. 151 EDA 2016 |

Appeal from the PCRA Order December 17, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000767-1998

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J. *

MEMORANDUM BY RANSOM, J.:                **FILED APRIL 16, 2018**

Appellant, Allie Speights,[1] appeals from the order entered December 17, 2015, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In November 1998, Appellant was convicted by a jury of first degree murder, recklessly endangering another person ("REAP"), carrying a firearm without a license, and two counts of aggravated assault.[2]  On February 17, 1999, he was sentenced to life imprisonment and one to two years of incarceration to run concurrent to his life sentence on the firearms charge.  He

---

[1] In various filings before this Court, Appellant is referred to as both "Allie Speight" and "Allie Speights."  As Appellant predominantly refers to himself as "Allie Speights," we will utilize this spelling *infra*.

[2] **See** 18 Pa.C.S. §§ 2502(a), 2705, 6106, and 2702, respectively.

* Retired Senior Judge Assigned to the Superior Court.

filed post-sentence motions alleging ineffective assistance of counsel; these motions were denied. He timely appealed, and his judgment of sentence was affirmed. **See Commonwealth v. Speight**, 760 A.2d 434 (Pa. Super. 2000), *appeal denied*, 764 A.2d 50 (Pa. 2000) (unpublished memorandum).

Appellant then began serially filing PCRA petitions and appeals, creating a convoluted procedural history. **See Commonwealth v. Speight**, 830 A.2d 1053 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 845 A.2d 818 (Pa. 2004) (finding Appellant's claims of trial and appellate counsel ineffectiveness meritless); **see Commonwealth v. Speights**, 34 A.3d 220 (Pa. Super. 2011) (unpublished memorandum) (stating that Appellant's petition was untimely and adding that **Graham**[3] would afford Appellant no relief because he was not a juvenile at the time of the murder); **see Commonwealth v. Speights**, 68 A.3d 367 (Pa. Super. 2013) (stating that Appellant's petition was untimely and he had not established governmental interference and after-discovered evidence time-bar exceptions).

Following the last affirmance, Appellant sought leave to file a petition seeking allocatur *nunc pro tunc*. While that petition was pending, Appellant re-filed his fourth PCRA, which had been dismissed while the appeal was pending in this Court. In January 2014, the PCRA court dismissed his fourth petition. Appellant untimely appealed.

---

[3] **Graham v. Florida**, 130 S. Ct. 2011 (2010).

While the appeal of his fourth petition was pending, Appellant filed a fifth PCRA petition in April 2014. This petition was a legal nullity. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (noting that PCRA courts do not have jurisdiction to adjudicate subsequent PCRA petitions until the appeals of the former petitions are adjudicated by appellate courts). However, Appellant withdrew his untimely appeal in October 2014.

In December 2014, Appellant filed an "amendment/supplement" to his fifth petition, which was docketed as a separate PCRA petition. Appellant argued that although his petition was untimely, after-discovered facts warranted review. *See* PCRA Petition, 12/11/14, at 1-11. Namely, Appellant claimed that he had been denied his constitutional right to counsel because his attorney, Gerald Alston, Esquire, was suspended from the practice of law at the time he represented Appellant at sentencing. *Id.* Appellant claimed he did not discover this suspension until January 28, 2014, following a conversation with a fellow inmate who suggested that Appellant research his attorney's background and following Appellant's request to the Disciplinary Board for this information. *Id.* Appellant argued that because Mr. Alston was his father's long-time friend, Appellant trusted in his competent representation. *Id.*

In August 2015, the court sent Appellant notice of its intent to dismiss his PCRA petition as untimely. Appellant *pro se* filed a response. In December 2015, the court dismissed his petition.

Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. A year and one-half later, the PCRA court issued a responsive opinion.[4]

On appeal, Appellant presents the following issue for our review:

Did the lower court commit an abuse of discretion when it dismissed Appellant's PCRA petition as untimely "because" it found the underlying claim meritless?

Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three exceptions:

_____

[4] During the pendency of the instant appeal, it appears that the Delaware County Public Defender's Office entered its appearance and filed a sixth PCRA on Appellant's behalf. However, this petition is a legal nullity as it was filed while the instant appeal was pending. **See Lark**, 746 A.2d at 588. It appears that the PCRA court improperly addressed the claims raised therein in its 1925(a) opinion.

- 4 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[5] Nevertheless, he contends that he is entitled to PCRA relief due to the existence of facts unknown to him at trial and which could not have been ascertained by due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007); *see also* 42 Pa.C.S. § 9545(b)(1)(ii). Due diligence requires that the petitioner take

---

[5] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on May 31, 2004, at the expiration of the ninety-day time period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an Appellant ninety days to seek review with the United States Supreme Court). Accordingly, Appellant had until May 31, 2005, to timely file a petition. Appellant's petition is approximately nine years untimely.

reasonable steps to protect his own interest. *See Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). Further, he must explain why he could not have learned the new facts earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

In the instant matter, the PCRA court determined that Appellant could not overcome the timeliness requirement because even if Appellant did establish jurisdiction, the resulting sentence – life imprisonment – would have been the same regardless of counsel's suspension. *See* PCO at 5.

Appellant's brief does not discuss 1) the steps he took to protect his own interest or 2) explain why he could not have learned the new facts earlier with the exercise of due diligence. Instead, Appellant contends that the PCRA court erred in reaching the merits of Appellant's claim without first determining whether he exercised due diligence and accordingly abused its discretion in dismissing Appellant's petition without a hearing. *See* Appellant's Brief at 7-9. In response, the Commonwealth argues that public records, such as an attorney's suspended license, cannot be considered "unknown facts," and thus, it is immaterial if and when the petitioner knew about the suspension because the evidence was not unknown. *See* Commonwealth's Brief at 7.

Initially, we note that regardless of the arguments advanced above, "an appellate court may affirm a valid judgment based on any reason appearing as of record." *See Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007).

The Pennsylvania Supreme Court has held that the "presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) . . . does not apply to *pro se* prisoner petitioners," as that application is contrary to the plain language of the statute and was imposed without any apparent consideration of a *pro se* prisoner's actual access to information of public record. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017). Regardless of this holding, a *pro se* incarcerated prisoner is "still required to prove that the facts upon which his claim of a timeliness exception under subsection 9545(b)(1)(ii) is based were unknown to him and not ascertainable by the exercise of due diligence. [This] decision merely eliminates what we conclude is an unjustifiable presumption." ***Id.*** at 638 n.23.

Thus,

> consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether the facts upon which the claim is predicated were unknown to the petitioner. In ***some*** cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

***Id.*** at 638 (internal quotation marks and footnote omitted) (emphasis added).

- 7 -

*Burton* did not do away with the statutory requirement that Appellant plead and prove that the information he relies upon could not have been obtained earlier, despite the exercise of due diligence. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. Super. 2008). Here, the PCRA court did not make a determination as to whether the facts were unknown to Appellant. Regardless of this lack of determination, we may still find that Appellant did not exercise due diligence in attempting to access the information.

Further, despite any due diligence Appellant may or may not have exercised, his petition must be filed within sixty days of the date the claim could have been presented. *See Commonwealth v. Smallwood*, 155 A.3d 1054, 1060 (Pa. Super. 2017). Appellant claims that he discovered the operative fact on January 28, 2014, but did not file his petition until December 11, 2014, almost eleven months later and far beyond the sixty-day period allowable by statute. *Id.*

Additionally, Appellant has not explained why he could not have obtained the new facts earlier with the exercise of due diligence, particularly where 1) Mr. Alston was a close friend of Appellant's father; and 2) where Appellant was represented by counsel during his first timely PCRA and we may presume that he still had access to this information through counsel. *See Carr*, 768 A.2d at 1168; *see also Burton*, 121 A.3d at 1072.

Accordingly, Appellant failed to properly plead any exception to the one-year time bar. Accordingly, we are without jurisdiction to offer Appellant any

relief.  **See Bennett**, 930 A.2d at 1267; **see Burton**, 158 A.3d at 638 n.23;

**see Smallwood**, 155 A.3d at 1060.

Order affirmed.  Jurisdiction relinquished.

Judge Bowes concurs in the result.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/18